## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE

HAZEL WARFORD

               Plaintiff,          Civil Action No.

    v.

MEMPHIS CITY EMPLOYEES      **COMPLAINT AND TRIAL BY**
CREDIT UNION                **JURY DEMAND**
            Defendant.

### NATURE OF ACTION

1.     This is an action brought under the Truth in Lending Act, 15 U.S.C. § 1601 *et seq*. and its implementing Regulation Z, 12 C.F.R. Part 1026 (collectively "TILA").

### JURISDICTION AND VENUE

2.     This Court has jurisdiction under 15 U.S.C. § 1640(e) and 28 U.S.C. § 1331.

3.     Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district.

### THE TRUTH IN LENDING ACT

4.     The TILA "has been found uniformly to be remedial in nature and thereby liberally and broadly construed in favor of the consumer." *Travis v. Trust Co. Bank*, 621 F.2d 148, 151 (5th Cir. 1980); *Gallegos v. Stokes*, 593 F.2d 372, 376 (10th Cir. 1979); *Gardner & N. Roofing & Siding Corp. v. Bd. of Governors of Fed.*

*Reserve Sys.*, 464 F.2d 838, 841 (D.C. Cir. 1972); *Hauk v. JP Morgan Chase Bank USA*, 552 F.3d 1114, 1118 (9th Cir. 2009).

5.      The TILA is strictly enforced, and absolute compliance is necessary. *In re Porter*, 961 F.2d 1066, 1078 (3d Cir. 1992) ("A creditor who fails to comply with TILA in any respect is liable to the consumer under the statute regardless of the nature of the violation or the creditor's intent."); *Mars v. Spartanburg Chrysler Plymouth, Inc.*, 713 F.2d 65, 67 (4th Cir. 1983) ("To insure that the consumer is protected, as Congress envisioned, requires that the provisions of the Act and the regulations implementing it be absolutely complied with and strictly enforced."); *Grant v. Imperial Motors*, 539 F.2d 506, 510 (5th Cir. 1976) ("[O]nce the court finds a violation, no matter how technical, it has no discretion with respect to the imposition of liability."); *see also Hamm v. Ameriquest Mortgage Co.*, 506 F.3d 525, 529 (7th Cir. 2007); *Purtle v. Eldridge Auto Sales, Inc.*, 91 F.3d 797, 801 (6th Cir. 1996); *Semar v. Platte Valley Fed. Sav. & Loan Ass'n*, 791 F.2d 699, 704 (9th Cir. 1986); *Zamarippa v. Cy's Car Sales, Inc.*, 674 F.2d 877, 879 (11th Cir. 1982).

6.      "[S]trict interpretation of the TILA has largely been responsible for the TILA's success in achieving widespread compliance with its requirements." *In re Brown*, 106 B.R. 852, 857 (Bankr. E.D. Pa. 1989).  Indeed, without strict compliance, the TILA's goals of standardized uniform disclosures would quickly be eroded. *See Reneau v. Mossy Motors*, 622 F.2d 192, 195 (5th Cir. 1980) ("The technical requirements of the TILA and Regulation Z must be strictly enforced if

standardization of terms, permitting meaningful comparisons of available credit by consumers, is to be achieved.").

7.      Creditors must make TILA disclosures "clearly and conspicuously in writing, in a form that the consumer may keep." 12 C.F.R. § 1026.17.  If a creditor's disclosure is susceptible to more than one "plausible" interpretation, the creditor has not complied with the TILA.  *See Handy v. Anchor Mortgage Corp.*, 464 F.3d 760, 764 (7th Cir. 2006); *In re Porter*, 961 F.2d 1066, 1077 (3d Cir. 1992).

8.      This is because the "TILA neither requires nor encourages borrowers to guess or to assume that a disclosure has a particular meaning." *Wright v. Tower Loan of Mississippi, Inc.*, 679 F.2d 436, 445 (5th Cir. 1982); *see also Pennino v. Morris Kirschman & Co.*, 526 F.2d 367, 372 (5th Cir. 1976) ("This court . . . is bound by the intent of Congress to eliminate the necessity of assumptions on the part of the consumer.").

9.      The clarity of a creditor's disclosure is question of law, determined on an "ordinary consumer" standard. *Palmer v. Champion Mortgage*, 465 F.3d 24, 28 (1st Cir. 2006); *Smith v. Cash Store Mgmt., Inc.*, 195 F.3d 325, 327–28 (7th Cir. 1999); *Edmondson v. Allen–Russell Ford, Inc.*, 577 F.2d 291, 296 (5th Cir. 1978). Because this standard is objective, what a given consumer knows or does not know is immaterial when evaluating a creditor's TILA disclosures. *See Purtle v. Eldridge Auto Sales, Inc*., 91 F.3d 797, 800 (6th Cir. 1996); *Semar* 791 F.2d 699, 704 (citing *Huff v. Stewart-Gwinn Furniture Co*., 713 F.2d 67, 69 (4th Cir.1983).

## PARTIES

10.    Plaintiff, Hazel Warford ("Plaintiff"), is a natural person who at all relevant times resided in the State of Tennessee, County of Shelby, and City of Memphis.

11.    Defendant, Memphis City Employees Credit Union. ("Defendant"), is a local credit union that at all relevant times was engaged in the business of financing motor vehicles.

12.    At all relevant times, Defendant, in the ordinary course of its business, regularly extended or offered to extend consumer credit for which a finance charge is or may be imposed or which, by written agreement, is payable in more than four installments, and is the person to whom the transaction which is the subject of this action is initially payable.

13.    Defendant is a "creditor" within the meaning of TILA, 15 U.S.C. § 1602(g) and 12 C.F.R. 1026.2(17).

## FACTUAL ALLEGATIONS

14.    On or about December 27, 2018, Plaintiff obtained a loan from Defendant to purchase a 2006 Audi motor vehicle.

15.    Plaintiff Purchased the Audi for her own personal, family, and household purposes.

16.    In connection with the loan, Plaintiff executed a loan agreement (the "Contract") with Defendant.

17.     A true and accurate copy of the Contract is attached hereto as Exhibit A.

18.     The Truth in Lending Disclosure provided to Plaintiff in connection with the loan disclosed an "annual percentage rate" of 13.69%, a "finance charge" of $2,370.43, an "amount financed" of $10,631.35, and a total of payments of $13,623.16. *Id.*

19.     The Truth in Lending Disclosure further disclosed a payment schedule comprised of two payment streams, one consisting of 71 bi-weekly payments of $190.00 beginning on January 10, 2019, and one payment of $133.16. *Id.*

20.     The Truth in Lending Disclosure provided to Plaintiff, in connection with the purchase of the Vehicle, failed to disclose the due date for the $133.16 payment.

21.     It is impossible for Plaintiff to determine what date the $133.16 payment is due from the Truth in Lending disclosures provided by Defendant.

## COUNT I
### VIOLATION OF 15 § U.S.C. 1638(a)(6)

22.     Plaintiff repeats and re-alleges each and every factual allegation contained above.

23.     TILA requires creditors to disclose "The number, amount, and due dates or period of payments scheduled to repay the total of payments." 15 U.S.C. § 1638(g)(6); 12 C.F.R. § 1026.18(g)

24.     The official staff commentary to Regulation Z, § 1026.18(g)(4) further provides:

> General Rule.  Section 1026.18(g) requires creditors to disclose the timing of payments.  To meet this requirement, creditors may list all of the payment due dates.  They also have the option of specifying the "period of payments" scheduled to repay the obligation.  As a general rule, creditors that choose this option must disclose the payment intervals or frequency, such as "Monthly" or "Bi-weekly" and the calendar date that the beginning payment is due.

25.     The Truth in Lending Disclosure provided to Plaintiff, in connection with the purchase of the Vehicle, did not disclose a due date for the $133.16 payment.

26.     It is impossible for Plaintiff to determine what date the $133.16 payment is due from the Truth in Lending disclosures provided by Defendant.

27.     Defendant violated the disclosure requirements of 15 U.S.C. § 1638(a)(6) and 12 C.F.R. § 1026.18(g) when it failed to disclose the number, amount, and due dates or period of payments scheduled to repay the total of payments, in the segregated Truth in Lending disclosures provided to Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendant violated 15 U.S.C. § 1638(a)(6);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1640(a)(2), in the amount of twice the finance charge;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1640(a)(1);

    d)   Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1640(a)(3);

    e)   Awarding Plaintiff any pre-judgment and post-judgment interest as permissible by law; and

    f)   Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

28.    Plaintiff is entitled to and hereby demands a trial by jury.

Dated: June 21, 2019

Respectfully submitted,

<u>s/ Russell S. Thompson IV</u>
Russell S. Thompson IV
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
Telephone: (602) 388-8898
Facsimile: (866) 317-2674
rthompson@ThompsonConsumerLaw.com

Attorneys for Plaintiff